In re JOHN H. WOODBURY DERMATOLOGICAL INSTITUTE.

(Circuit Court of Appeals, Second Circuit. November 13, 1911.)

No. 57.

BANKRUPTCY (§ 252*)—SUITS BY TRUSTEE—RIGHTS OF STOCKHOLDERS OF BANKRUPT CORPORATION.

> Stockholders of a bankrupt corporation, at whose instance a suit has been brought by the trustee against officers and directors to recover damages for the wrecking of the corporation, are entitled to have an offer to compromise rejected by the bankruptcy court, on giving security to protect the estate against any loss consequent upon the failure to realize the amount offered.

> [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 252.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the John H. Woodbury Dermatological Institute, bankrupt. On petition to revise order of District Court. Modified.

This cause comes here upon petition to revise an order of the District Court. The trustee of the bankrupt's estate, on request of minority stockholders and with the authority of the court, brought an action against certain directors and stockholders of the bankrupt corporation and others to recover damages for wrecking the corporation, throwing it into bankruptcy, and acquiring the assets by conspiracy and fraud. The amount of damages claimed is $150,000. One of the defendants in that suit is the Andrew Jergens Company, which has filed a claim against the bankrupt estate for $20,000. The remainder of the claims against the estate, amounting to about $10,000, have been to a large extent paid by and assigned to said Andrew Jergens Company. The defendants in the suit made an offer to compromise the same for $26,000. If such offer were accepted, the amount paid in settlement, less some small amount for expenses of administration, would go to the creditors, practically to the Andrew Jergens Company. The question whether or not the proposed offer of settlement should be accepted came before the District Judge, who approved it upon certain conditions. The petitioner here, Patterson, who re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

presents a minority stockholder—or stockholders—opposed the application for approval, and has brought this petition to revise the order of the District Court.

D. Cady Herrick, for petitioner.

Delos McCurdy and R. M. Lowes, for respondents.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The proposed settlement for $26,000, if carried out, would leave nothing for the stockholders at whose request the suit was instituted. Should the suit be prosecuted, however, and recovery had in excess of $30,000, they might secure a substantial sum. Manifestly, if they wish it prosecuted to a conclusion at their own cost, and are prepared to secure all persons interested against any loss consequent upon their failure to realize anything in excess of the amount offered, their request to have it prosecuted should be granted. They alone take any risk. The District Judge, in his opinion, indicated a proper disposition of the question. He said:

"If the minority stockholders will guarantee to the trustee a part of the amount of the offer as hereinafter set forth, and will prosecute the suit at their own cost, I will permit the suit to continue. The minority stockholders may, moreover, have charge and conduct of the suit in the trustee's name, securing him for any costs for which he may in any event become liable in the event of failure. The part of the offer to be secured will be ascertained as follows: It will first include all sums which the referee shall fix as the present and future costs and disbursements of administration, less the amount now in the hands of the trustee. It will next include that proportion of the difference between the offer made and the sum so ascertained as the claims already presented to the referee and not now owned by the Jergens Company bear to the total of claims presented. It will also include interest at 6 per cent. upon the sum last mentioned for a period of three years. Upon giving a surety company bond in an amount so calculated, together with security to the trustee for any cost in the prosecution of the suit, the referee will instruct the trustee to refuse the proposed settlement and to permit the minority stockholders to press the suit—they, however, to pay all disbursements necessary to its conduct, including the expenses of employing counsel, for which the trustee is to be in no event liable, they to retain a lien upon any recovery for all sums so expended."

For some reason, which the record does not disclose, the order did not make the same provision as the opinion, but provided that the compromise should be accepted if certain named persons, including the Andrew Jergens Company, made an offer in writing to buy the shares of the minority stockholders for $5,700. We do not think the court was authorized to require the minority stockholders to surrender their stock for any price not satisfactory to them, and to coerce them to accept the price thus offered for such stock by an approval of the offer of settlement upon the making of the offer to purchase.

The terms imposed upon the minority stockholders in the opinion were fair and equitable, and, if they chose to accept them, to retain their stock, and to see if they could not recover something in the suit, they should be allowed to prosecute it. They assert here that they are willing to accept such terms and to give the security required.

The order should be modified to conform to the opinion.